## FAIRHAVEN TURNPIKE CO. *vs.* FRENCH.

To support an action in favor of a Turnpike Company, on a special contract, for the sale of a certain number of shares in their Company Stock, it is necessary to prove that the Company Stock had been divided into a certain number of shares, either by the act of incorporation, or by the act of the Company.

THIS was an action of *assumpsit*, on a special contract, for the sale by the plaintiffs, to the defendant, of three shares in their Company Stock. The declaration alledged, that on the 17th day of September, 1807, the defendant undertook and promised the plaintiff's, in consideration that the said Company should proceed and

*Addison,*
*February.*
*1811.*

27

*Rutland,*
February,
1814.

Turnpike
Company
*vs.*
French.

make and complete the road, agreeably to the provisions of the act, incorporating said company, that the defendant would take three shares in the stock of said Company, and would pay therefor the sum of seventy-five dollars, per share amounting in the whole to the sum of two hundred and twenty-five dollars. One fifth part of the purchase money to be paid, as soon as it should be proper to begin the work on the road the spring following ; one half of the remainder by the first day of October, 1818, and the residue by the first day of October, 1809, or as soon as the road should be completed. The plaintiff's then aver in the declaration that they had divided their Company stock into a certain number of shares, that the road was completed on the 12th day of June, 1811, and on the same day accepted by the judges of the Supreme Court, agreeably to the provisions of the act of incorporation ; and that the defendant had not performed, though often requested and demanded, especially at Fairhaven, on the 2d day of October, 1812.

On trial, to the jury, upon the general issue, the act of incorporation was produced by the plaintiffs. The company stock was not by the act divided into shares, but the company were by the act authorized to make such division. A written contract was also produced, and proved to have been executed by the defendant, of the same tenor as set forth in the declaration.

In the course of the trial it was made a question, whether it was necessary on the part of the plaintiff's, to prove the averment in the declaration, that the Company stock had been divided into shares.

*Langdon* for the defendant, contended the averment was of a fact necessary to be proved to support the plaintiff's action ; at any rate, it was not an impertinent averment, and therefore, having been made in the declaration, the plaintiff was bound to prove it.

On the first point he insisted, that as the Company stock, was not by the act of incorporation divided into shares, it could be done only by the act of the company. If there had been no such act of the company, they had undertaken to sell that for a certainty, which was wholly uncertain, or, rather that which they had not in any disposable shape ; certainly not in the shape in which they had contracted to sell. The shares in the company stock, are the only consideration for the contract, if there were no such shares, there was no consideration for the defendant's promise. Certainly the value or amount of the consideration was at the mercy of the com-

pany; for it was thereafter in their power to make a share to con- *Rutland, February. 1814.* sist of ten dollars of the stock of the Company, instead of seventy-five, the price to be given by the defendant. Such act would be fraudulent in the company and avoid the contract. *Turnpike Company vs. French.*

But if it were admitted that the averment, in the declaration, that the Company stock was divided into shares, was unnecessary, yet it cannot be considered as impertinent. When shares in the joint stock of a Company are sold, it cannot be impertinent to averr that the stock has been divided into shares; it being the only mean by which the quantum, proportion or value of such shares can be known. And it is a rule, that if an averment be made by the plaintiff in his declaration, which is not impertinent, although it was not necessary to have been made; yet he shall be holden to prove it. Peak's Ev. 185, 206. Doug. 667, Bristow *v.* Wright. 1 Chit. 293. 2 East. 452. 3 Bos. & Pul. 458.

*Mallary* for the plaintiff contended, that, the averment in the declaration, that the Company stock had been divided into shares was not necessary to make out the plaintiff's case, and therefore it is unnecessary to prove it. On reading the declaration it is evident that it would have been good without this averment. It is unnecessary to shew that the stock was divided into shares, as the defendant in his contract named the shares, and this makes them a valuable consideration.

In the case Winn *v.* White, Bl. R. 840.—The plaintiff having set out his title different from what it was in fact, the Court held that it was an immaterial averment, which need not be proved. So in 1 Chit. 231, an averment wholly foreign, need not be proved. It may be struck out, unless, if struck out, it will leave the declaration defective. In the case Savage Quitam *v.* Smith, 2 Bl. R. 104, there was an unnecessary recital of a judgment in the declaration, but it was so connected with what was necessary, that it could not be stricken out without rendering the whole declaration imperfect. That is not the case here, the averment is unconnected with any material part of the declaration—srtike it out, and the declaration remains perfect.

CHIPMAN, Ch. J. delivered the opinion of the Court.

The averment that the Company had divided their stock into shares, certainly is not an impertinent averment in this case. The

Rutland,
February,
1814.

Turnpike
Company
vs.
French.

Company stock could be divided into shares, in this case by the act of the Company only. A share in the stock of a Company, has reference to an aliquot part of the Stock. What that aliquot part is, must be determined and known, in order to know the quantity of interest, to which each member, owning a certain number of shares is entitled, and the rights of each member, as a constituent part of the Company. The aliquot parts of the Company stock are not ascertained by the act of incorporation; but, by the seventh and eighth sections of the act, we see it was contemplated, that the stock or interest of the proprietors or members of the Company, should be ascertained and known by shares, which is left to depend on some act of the Company. Now what do the Company sell, or what does the purchaser buy, without something to which it may be referred for ascertainment? Who is to determine whether it is to consist, of a tenth, a hundreth or a nintieth part? Had the shares been sold as certain aliquot parts, as three hundredth parts, for instance, it would have been sufficient. Any further averment might have been unnecessary: because such disposition of the stock, by the Company in certain proportions of the whole, would of itself have been a sufficient act of the company—a sufficient ascertainment of the shares. And perhaps, proof of such sale might be sufficient proof of the averment in this declaration, of the division of the stock into shares. But as no such mode was adopted, the averment does not seem to be unnecessary.

There is certainly a distinction between an averment merely unnecessary, and an impertinent averment. An averment of a particular fact, which would be supplied by a general presumption, is merely unnecessary, as in a declaration on a promissory note. The general averment of value received, is a sufficient averment of a consideration, and it will be presumed that there was a sufficient consideration for the promise. Under this averment it is unnecessary to aver of what particulars the consideration consisted. But, if the plaintiff in such case, go on to aver a particular consideration, as a horse sold and delivered, money paid &c.; the fact, though unnecessary to have been averred, must now be proved. But if he go farther and aver also that the horse was bred by A, or that the money was brought from Europe, it is wholly impertinent. The fact, who bred the horse, or whence the money was brought, cannot have any relation to the consideration between the plaintiff and de-

fendant, it may be rejected and need not be proved: but whether the horse was sold, or the money paid, is of the very essence of the consideration; but which consideration would have been taken on the general presumption as good, under the general averment, had the particular averment been omitted.

In the present case the Court are of opinion, that this averment is not of a fact impertinent, but of a fact, which at least must have been presumed from some ground—that the Company had divided their stock into certain ascertained shares—that in selling the shares they sold known portions of the stock. The prooff cannot, therefore, be dispensed with,

*Rutland,*<br>February.<br>1814.<br>Turnpike<br>Company<br>*vs.*<br>French,

On which the plaintiff's became non suit.